**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **STEVEN RITCHIE** | § | |
| *Plaintiff* | § | |
| | § | |
| **v** | § | **CIVIL ACTION NO. 5:17-cv-00377-FB** |
| | § | |
| **CITY OF AUSTIN** | § | |
| *Defendant* | § | |

**DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS**

TO THE HONORABLE JUDGE FRED BIERY:

COMES NOW Defendant's Rule 12(b)(6) Motion to Dismiss in response to Plaintiff's Original Complaint, and respectfully shows as follows:

**I.**
**Introduction**

Plaintiff, a white male, alleges that he was "forced to resign" from his employment with the City of Austin, and claims race discrimination and retaliation in violation of 42 U.S.C. §2000e, Title VII of the Civil Rights Act, and Chapter 21 of the Texas Labor Code, the Texas Commission on Human Rights Act ("TCHRA").[1] Plaintiff's complaint should be dismissed for failure to state a claim upon which relief can be granted because (1) his reverse race discrimination claim fails to allege any racially discriminatory acts or identify the race of any employee; and (2) his retaliation claim fails to allege any retaliatory acts or identify any employee who retaliated against him. A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[1] Plaintiff's Original Complaint fails to state the basis for his discrimination claim, but Plaintiff alleged "race" in TWC/EEOC Charge of Discrimination No. 451-2017-00256. *Original Complaint,* ¶5.

**II.**
**Plaintiff's Factual Presentation**

Plaintiff is a "white male," and admits that he "started to receive complaints immediately after starting with the City of Austin in 2010," but alleges that "most [not all] were determined to be unfounded." *Complaint,* ¶7. One accusation was that he attempted to sit on or did sit on a female employee's lap, there was a complaint that he sexually harassed the female, and an investigation found he was "guilty of sexual harassment." *Complaint,* ¶11. Although a second investigation did not exonerate Plaintiff, it changed sexual harassment to horseplay, but Plaintiff had already been "written up," and his "superiors refused to clear his record" of sexual harassment such that "it appeared as if he was being disciplined for two separate incidents." *Complaint,* ¶12. His direct supervisor Betsy Spencer, "held up on finalizing the final discipline in order to get the record straight and be fair to him, [and] she became the subject of her superiors who were angry that she did not simply issue a second discipline." *Complaint,* ¶13. Plaintiff alleges that he and his supervisor both "complained that this was discrimination against him." *Complaint*, ¶13.

Plaintiff alleges that co-workers Gina Copic and Rebecca Giello, "became quite hostile."[2] *Complaint*, ¶14. Giello, the Deputy Director, "refused to even touch or high-five Ritchie," but did not like Richie from the very First Day." *Complaint,* ¶14. "Copic had cursed Ritchie out . . . outright hostile . . . actively solicited others to bring complaints." *Complaint,* ¶14. One day Copic and Giello "hugged and touched Ritchie for extended period of time on the same day," and "Copic tried to get Ritchie to go into the woman's [sp.] bathroom with her because something just did not smell right." *Complaint,* ¶15.

Plaintiff alleges that "employees started to escalate actions against him," and the City conducted four investigations. *Complaint,* ¶10. He also alleges that the "City had permitted many

[2] Gina Copic, Rebecca Giello, and Betsy Spencer are "White."

defamatory articles to be printed about Ritchie" in the media. *Complaint,* ¶17. In 2016, Plaintiff "resigned to avoid being terminated." *Complaint,* ¶17. Plaintiff alleges that he filed a charge of discrimination with the EEOC in 2016, and received a right to sue letter in 2017. *Complaint,* ¶5&8.

**III.**
**Rule 12(b)(6) Motion to Dismiss**

A pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Fed.RulesCiv.Proc.*, Rule 8. "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. [A] complaint [does not] suffice if it tenders naked assertions devoid of further factual enhancement. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Two working principles underlie our decision in *Twombly.* First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But when the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.

[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. Our decision in *Twombly* illustrates the two-pronged approach." *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009) ("respondent's complaint fails to state sufficient facts to state a claim for purposeful and unlawful discrimination" under Rule 12(b)(6)) (Internal quotes omitted.)

**IV.**
**Argument & Authorities**

Plaintiff's complaint under Title VII and TCHRA should be dismissed for failure to state a claim upon which relief can be granted because (1) his reverse race discrimination claim fails to allege any racially discriminatory acts or identify the race of any employee; and (2) his retaliation claim fails to allege any retaliatory acts or identify any employee who retaliated against him. A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions. *Twombly*, 550 U.S. at 555.

Under Title VII, it is unlawful for an employer to discriminate or retaliate against an employee because of his "race, color, religion, sex, or national origin.´ 42 U.S.C. §2000e-2(a). Title VII also prohibits retaliation against an employee who has opposed discrimination or been involved in a discrimination claim. 42 U.S.C. §2000e-3(a). The analysis for a race discrimination claim under the TCHRA is generally the same as that under Title VII. *Mission Consol. Indep. Sch. Dist. v. Garcia,* 372 S.W.3d 629, 633-34 (Tex. 2012) ("Section 21.051 is effectively identical to its federal equivalent . . . Because one of the purposes of the TCHRA is to 'provide for execution

of the policies of Title VII of the Civil Rights Act of 1964,' we have consistently held that those analogous federal statutes and the cases interpreting them guide our reading of the TCHRA.")

A. Plaintiff fails to identify any racially discriminatory acts or supervisors.

To survive dismissal, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Plaintiff must allege that (1) he is a member of a protected group, (2) he was qualified for his position, (3) he was discharged or suffered some other adverse employment action, and (4) he was replaced with a person outside of the protected class, or he was treated less favorably than similarly situated employees of a different race. *McDonnel Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 512-13 (5th Cir. 2001). Plaintiff's bare allegation that he is a white male without more does not substantiate a claim of unlawful race discrimination because it fails to rise above the speculative level to survive dismissal for failure to state a claim upon which relief can be granted.

His only race-based allegations are that that he was "working on various projects affecting African-American East Austin . . . he worked favorably and successfully with many members of the African-American community as well as some of the African-American employees . . . work with the African-American community was applauded," and he "was a little league coach and taught martial arts" to minorities in San Antonio. *Complaint*, ¶8&17.

The only supervisors identified, although Plaintiff fails to identify their race, are Betsy Spencer, his direct supervisor who he speaks favorably of, and Assistant City Manager Bert Lumbreras, Spencer's direct supervisor who "disciplined Ritchie for the exact same matter covered by the investigation," but he fails to identify what discipline was taken or how it relates to his race,

white male.[3] *Complaint,* ¶17. This allegation fails to support an inference that Plaintiff suffered an adverse employment action because of his race. There is no allegation that any individual took an adverse action against him because of his race, nor is the race of any individual provided.

Plaintiff's admission that he "resigned to avoid being terminated," fails to state a claim for constructive discharge or any adverse employment action. *Complaint,* ¶17. He fails to allege any facts showing "working conditions so intolerable that a reasonable person in the employee's position would have felt compelled to resign." *Penn. State Police v. Suders,* 542 U.S. 129, 141 (2004); *McCoy v. City of Shreveport,* 492 F.3d 551, 557 (5th Cir. 2007).

If Plaintiff disagrees with some or all of the four investigations he describes, he fails to plead any facts suggesting the investigations or decision makers had a racial animus. "Despite [plaintiff's] disagreement with [defendant's] investigative methods and findings, the true question before this court is not whether [defendant] performed a stellar investigation or whether its investigative findings were correct. *See Mayberry v. Vought Aircraft Co.,* 55 F.3d 1086, 1091 (5th Cir. 1995) ('[Plaintiff] misses the mark. The question is not whether an employer made an erroneous decision; it is whether the decision was made with discriminatory motive.')." *Wilson v. Exxon Mobile Corp.*, 575 Fed.Appx. 309, 313-14 (5th Cir. 2014). Plaintiff's naked assertion of discrimination warrants dismissal of his discrimination claim for failure to state a claim upon which relief can be granted.

B. <u>Plaintiff fails to identify any retaliatory acts or supervisors.</u>

To survive dismissal, a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. Plaintiff herein does not even submit labels and conclusions, or the elements of a retaliation claim.

---

[3] Betsy Spencer and Bert Lumbreras are "White."

The term "retaliation" appears once in a subheading, but without a single supporting factual allegation, merely incorporating all factual allegations, which is not "context-specific." *Iqbal*, 556 U.S. at 678-79. *Complaint*, Count 2–Retaliation, p.7. The only claim of retaliation is that his co-workers Copic and Giello filed complaints of retaliation *against Plaintiff*. *Complaint*, ¶15. There is no allegation that these two co-workers were responsible for making any decision Plaintiff might regard as an adverse employment action, as might support a retaliation claim. Plaintiff does not allege that (1) he participated in an activity protected by Title VII, (2) the City took an adverse employment action against him, or (3) a causal connection exists between the protected activity and the materially adverse action. *McCoy v. City of Shreveport*, 492 F.3d 551, 557 (5th Cir. 2007). Plaintiff does not allege that he engaged in protected activity. He alleges that "Copic and Giello were very rude and publicly disrespectful to Neal during a presentation that Neal was making," and he "though [sp] this was discrimination against Neal who is African-American." *Complaint*, ¶15. However, Plaintiff does not allege that he complained, only that Neal complained.

It is unclear whether the adverse employment action he complains of was that "he was to be written up for horseplay," particularly because he admits that his supervisor "held up on finalizing the final discipline." *Complaint*, ¶12-13. It is also unclear whether being written up was a written reprimand, or merely documentation. *Complaint*, ¶12. Either way, a written reprimand does not suffice to show retaliation. *Hernandez v. Johnson*, 514 Fed. Appx. 492, 499 (5th Cir. 2013); *DeHart v. Baker Hughes Oilfield Operations, Inc.*, 214 Fed. Appx. 437, 442 (5th Cir. 2007).

In the context of a retaliation claim, an adverse employment action is an action that is "materially adverse" that "might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006).

The court is not supposed to speculate what the adverse action was; "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Plaintiff admits that he "started to receive complaints immediately after starting" his employment in 2010, and does not allege that the complaints were false, just that "*most* were determined to be unfounded." (emphasis added) *Complaint,* ¶7. Whether Plaintiff complains of documentation or a written reprimand, either employment action is supported by Plaintiff's own admission that not all of the complaints against him were unfounded, warranting dismissal of his retaliation claim for failure to state a claim upon which relief can be granted.

## IV.
## Prayer

Defendant prays that its motion be granted, and that Plaintiff's claims be dismissed, as well as for attorney's fees and costs, and such other relief to which it is justly entitled at law or equity.

RESPECTFULLY SUBMITTED,

ANNE L. MORGAN, CITY ATTORNEY
MEGHAN L. RILEY, LITIGATION DIVISION CHIEF

/s/ Chris Edwards
CHRIS EDWARDS
State Bar No. 00798276
City of Austin
P. O. Box 1546
Austin, Texas 78767-1546
chris.edwards@austintexas.gov
Telephone (512) 974-2419
Facsimile (512) 974-1311

ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

      This is to certify that I have served a copy of the foregoing on all parties or their attorneys of record, in compliance with the Federal Rules of Civil Procedure, on September 5, 2017.

**Via e-Service/e-Filing to:**
Luis Roberto Vera, Jr.
State Bar No. 20546740
Law Offices of Luis Roberto Vera, Jr. & Associates
111 Soledad Street, Suite 1325
San Antonio, Texas 78205-2260
Telephone: (210) 225-330
irvlaw@sbcglocal.net

Gary L. Bledsoe
State Bar No. 02476500
The Bledsoe Law Firm, PLLC
7901 Cameron Road, Building 3-360
Austin, Texas 78754
Telephone: (512) 322-9992
Facsimile: (512) 322-0840
garybledsoe@sbcglobal.net

ATTORNEYS FOR PLAINTIFF

                                              /s/    Chris Edwards
                                              CHRIS EDWARDS